

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1095-10

**ALFREDO LEYVA PECINA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SECOND COURT OF APPEALS TARRANT COUNTY

**ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined.**

### CONCURRING OPINION

Although I join the majority opinion's determination that Supreme Court precedent compels a conclusion that neither the Fifth nor the Sixth Amendments to the United States Constitution was violated, I write separately to observe that a different outcome might result under the Texas Constitution and state statutes. The Texas Code of Criminal Procedure provides additional rights to appellant, Alfredo Leyva Pecina, beyond those provided by the

Pecina Concurrence - 1

United States Constitution. These additional rights are the magistrate warnings required by Article 15.17 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 15.17.

The Texas Code of Criminal Procedure describes a magistrate's duties, as follows:

> The magistrate shall inform in clear language the person arrested . . . of the accusation against him, . . . of his right to retain counsel, of his right to remain silent, of his right to have an attorney present during any interview with peace officers, . . . . The magistrate shall also inform the person arrested of the person's right to request the appointment of counsel if the person cannot afford counsel.

TEX. CODE CRIM. PROC. art. 15.17. Consistent with this statutory requirement, the magistrate in this case advised appellant by stating, in pertinent part,

> (2) You have a right to hire a lawyer and have him/her present prior to and during any interview and questioning by peace officers or attorneys representing [the] state;

> (3) If you cannot afford a lawyer, you have the right to request the appointment of a lawyer to be present prior to and during any such interview and you have the right to have an attorney appointed to represent you if you cannot afford an attorney. This means you may obtain your own lawyer or have a lawyer appointed for you. You may have reasonable time and opportunity to consult your lawyer if you desire. . . .

After informing him of his Article 15.17 rights to have an attorney present during any interview with peace officers and to have an attorney represent him in court, the magistrate asked appellant if he "want[ed] a court appointed attorney. And he stated he did." Following this response, the magistrate asked appellant, "Do you still want to talk to [the detectives]?" He replied that he did. The magistrate testified that she believed he was asking for an

attorney for trial proceedings rather than for speaking to the police officers.

As the State points out, a suspect's request for counsel must be unambiguous and sufficiently clear that a reasonable person in the circumstances would understand the statement to be a request for an attorney. *See Davis v. United States*, 512 U.S. 452, 459 (1994). The record shows that appellant plainly asked for an attorney immediately after the magistrate informed him of his right to an attorney for police interrogation and for courtroom proceedings. The magistrate advised him that he had "a right to [have] . . . a lawyer . . . present prior to and during any interview and questioning by peace officers." After appellant told her he wanted an attorney, the magistrate asked him if he still wanted to speak with the officers, and he said he did. From appellant's expressed desire to speak to the officers, the magistrate surmised that, when appellant had earlier asked for an attorney, the request was for court proceedings only. I conclude that it is unreasonable to construe appellant's request for an attorney as a request for an attorney solely for court proceedings merely because he expressed a continuing desire to speak to the officers. The magistrate's interpretation misses the whole point of the warning, which is the right to have an attorney present "during any interview with peace officers." TEX. CODE CRIM. PROC. art. 15.17. I conclude that the record indisputably shows that appellant's request for an attorney was a request to have an attorney present during interrogation, as well as during court proceedings.

As the majority opinion points out, appellant's request for an attorney was, at most, a pre-invocation of his right to counsel, which attached at the time of the later police

interrogation. Because Supreme Court precedent dictates that pre-invocation of a defendant's *Miranda* rights is ineffective under the United States Constitution, I agree with the majority's determination that there is no federal constitutional violation here. *See McNeil v. Wisconsin*, 501 U.S. 171, 182 n.3 (1991).

Although there is no federal constitutional violation under Supreme Court precedent, the magistrate's failure to provide an attorney for interrogation after one was requested may violate Article 15.17 because the magistrate advised appellant of his right to have an attorney for interrogation and he requested one, but none was provided. *See* TEX. CODE CRIM. PROC. art. 15.17. If this were a violation of Article 15.17, a harm analysis under Texas Rule of Appellate Procedure 44.2(b) might be appropriate. *See* TEX. R. APP. P. 44.2(b). Perhaps this would always be harmless error if the appellant was re-warned of his statutory rights at the time he made the statement and waived an attorney upon receiving the new warnings. But we do not reach any of those issues because the present appellate challenge concerns the federal constitution only.

The clear intent of Article 15.17 is to ensure that a defendant is advised of his rights to an attorney for interrogation and courtroom proceedings. *See* TEX. CODE CRIM. PROC. art. 15.17. But the current scheme seems to have the opposite effect when the magistrate warnings come before the police officer's interrogation. The magistrate warnings create a confusing situation when the magistrate informs the defendant of the right to have an attorney during questioning but then fails to provide one, and then the police advise him of

that same right to an attorney that was asked for minutes earlier but not provided. A defendant might reasonably surmise that the government does not really intend to provide him an attorney during questioning because his first request for an attorney during questioning was ignored. Making matters worse, the defendant is never given any explanation concerning the magistrate's failure to provide an attorney pursuant to his request. All he knows is that his request was ignored. The Legislature could easily fix this problem by adding one sentence to the Article 15.17 admonishments: "If you desire to have an attorney present during police interrogation, you must make that request at the time of the police questioning."[1] This additional warning would clearly advise the defendant that the time to make the request for an attorney for assistance with police interrogation is at the time of the interrogation and not earlier.

With these comments, I join the majority opinion in this case.

Filed: January 25, 2012

Publish

---

[1] The Code of Criminal Procedure advises magistrates to clearly explain to defendants their rights. *See* TEX. CODE CRIM. PROC. art. 15.17 (directing magistrates to inform defendants of their "right to retain counsel" in "clear language"). A magistrate, therefore, could add this additional warning even if the Legislature fails to amend the statute.